**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

YESSICA ORNELAS DURAN,
Petitioner,
v.
WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,
Respondents.

Case No. 5:26-cv-05428-MBK

ORDER DENYING WRIT OF HABEAS CORPUS

Petitioner Yessica Ornelas Duran is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. She first entered the United States at an unknown date and location without inspection, but she reports having resided in the country for at least 31 years. Ms. Ornelas Duran was ordered removed by an Immigratoin Judge in 2024 and was physically removed to Mexico on January 29, 2025. On August 20, 2026, Immigration and Customs Enforcement ("ICE") received notice that Ms. Ornelas Duran was serving a jail sentence in a Ventura County jail. ICE

subsequently took Petitioner into custody and, on September 1, 2026, reinstated her removal order under 8 U.S.C. § 1231(a)(5).

In the instant habeas action, Ms. Ornelas Duran argues that her re-detention without notice or a hearing violated procedural due process, that her detention without a finding of danger or flight risk violates substantive due process, and that ICE acted arbitrarily and capriciously in violation of the Administrative Procedure Act when re-detaining her. Respondents oppose the action, arguing Ms. Ornelas Duran is subject to mandatory detention under 8 U.S.C. § 1231(a) due to her reinstated removal order.

For the reasons that follow, the Court concludes Ms. Ornelas Duran is not entitled to release and denies the Petition.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner Yessica Ornelas Duran is a national and citizen of Mexico. Dkt. 15-1 at 3. She first entered the United States at an unknown date and location without inspection, (*id.*) but she reports having resided in the country for at least 31 years. Dkt. 9 at 7.

Petitioner's Form I-213 (Record of Deportable/Inadmissible Alien) reflects that immigration officials first encountered Petitioner on July 26, 2016, while she was serving a jail sentence at the Ventura County jail in Ventura, California. Dkt. 15-1 at 3. On the same date, Immigration and Customs Enforcement ("ICE") lodged an immigration detainer in her name and served her an INA G-56 Order to Report. *Id.* On August 12, 2022, ICE again received noticed that Petitioner was serving a jail sentence at Ventura County jail and lodged another immigration detainer. *Id.* On August 17, 2022,[1] Petitioner reported in person to an ICE office in Ventura but was

[1] The Form I-213 lists the date as August 17, 2026, but this appears to be a typographical error. The I-213 lists events chronologically and her reporting is listed

released on her own recognizance with GPS monitoring for a medical condition related to pregnancy. *Id.* Dkt. 15-1 at 3.

On May 3, 2023, ICE lodged another immigration detainer and issued a warrant for Petitioner's arrest. *Id.* On September 11, 2023, ICE lodged another immigration detainer after it received a notification that Petitioner was serving a sentence at Ventura County jail. *Id.* On June 27, 2024, an Immigration Judge in Van Nuys, California, ordered Petitioner removed to Mexico. *Id.* On January 29, 2025, Petitioner was "called in for a visit," (Dkt. 9 at 5), where she was arrested on grounds of a "missed required home visit." Dkt. 15-1 at 3. ICE subsequently served her with an I-200 Warrant of Arrest, an I-205 Warrant of Removal/Deportation, and an I-294 Warning to Alien Ordered Removed or Deported. *Id.* Petitioner was removed to Mexico on the same day. Dkt. 15-2 at 1.

On August 20, 2026, ICE received notice that Petitioner was serving a jail sentence in Ventura County. Dkt. 15-1 at 4. ICE lodged an immigration detainer. *Id.* ICE most recently detained Petitioner on August 31 or September 1, 2026. *Id.*; Dkt. 9 at 6. On September 1, 2026, ICE served Petitioner with a Form I-871 Notice of Intent/Decision to Reinstate Prior Order. Dkt. 15-2. Petitioner signed the form and checked the box indicating she did not want to make a statement contesting this determination. *Id.*

Petitioner filed her initial habeas petition on September 14, 2026. Dkt. 1. On September 17, 2026, this Court dismissed the petition with leave to amend. Dkt. 7. On September 25, 2026, Petitioner filed the instant amended petition. Dkt. 9. She argues her re-detention after being released on January 29, 2025, violates procedural due process, her continued detention without a finding of danger or flight risk violates substantive due process, and ICE's

---

between events on August 12, 2022, and May 3, 2023.

arbitrary and capricious revocation of her parole violated the Administrative Procedure Act. *Id.* at 6-7. Petitioner seeks immediate release. *Id.* at 7.

Respondents filed their opposition on October 6, 2026. Dkt. 12. They argue Petitioner is properly detained pending summary removal proceedings pursuant to 8 U.S.C. § 1231(a)(5). *Id.* at 2. Petitioner is subject to a reinstated removal order, and thus her detention is statutorily mandatory for a minimum of 90 days. *Id.* at 2-3. Respondents also noted they oppose release on grounds of Petitioner's criminal history, which includes a March 2015 state conviction for vandalism (Cal. Penal Code. 594(B)(1)), an August 2016 state conviction for willful cruelty to a child (Cal. Penal Code 273A(B)), and a June 2026 state conviction for accessory after the fact (Cal. Penal Code 32) and conspiracy to commit crime (Cal. Penal Code. 182(A)(1)). *Id.* at 2; Dkt. 15-1 at 4. However, Respondents cited to Petitioner's Form I-213 without attaching any exhibits to their filing. Dkt. 12 at 2. Accordingly, on October 7, 2026, the Court ordered Respondents to file all supporting exhibits by October 9, 2026. Dkt. 13. Respondents did so the same day,

As of the date of this order, Petitioner has not filed a reply.

## II. DISCUSSION

Petitioner argues that her re-detention without notice or a finding of danger or flight risk on August 31, 2026, after being released on January 29, 2025, violates the Due Process Clause. Dkt. 9 at 6-7. She also argues ICE acted arbitrarily and capriciously when re-detaining her, in violation of the Administrative Procedure Act ("APA"), having no valid reason to revoke her parole. *Id.* at 7. Because the process that a noncitizen is due depends in part

on the statute that authorizes their detention, the Court begins by reviewing the statutory framework applicable to Petitioner's case.

8 U.S.C. § 1226(a) is "the default detention statute for noncitizens in removal proceedings." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). The statute provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

In contrast, 8 U.S.C. § 1231(a) applies to noncitizens who have a final order of removal. The statute provides that the Government "shall detain" noncitizens during the "removal period." 8 U.S.C. § 1231(a)(2)(A). The "removal period" is defined as beginning on the "latest of the following": "(i) The date the order of removal becomes administratively final"; "(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or "(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *Id.* at § 1231(a)(1)(B). Thereafter, the statute permits—but does not require—the detention of certain noncitizens found inadmissible or removable on specified grounds, "or who have been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." *Id.* at § 1231(a)(6). Such individuals "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." *Id.*

Here, Respondents argue—and Petitioner does not contest—that she is being detained following the reinstatement of a removal order under 8 U.S.C.

§ 1231(a)(5). Section 1231(a)(5) provides that "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." "DHS's regulations set out the process for reinstating an order of removal." *Johnson v. Guzman Chavez*, 594 U.S. 523, 530 (2021). "In short, the agency obtains the alien's prior order of removal, confirms the alien's identity, determines whether the alien's reentry was unauthorized, provides the alien with written notice of its determination, allows the alien to contest that determination, and then reinstates the order." *Id.* (citing 8 CFR §§ 241.8(a)-(c), 1241.8(a)-(c)).

While noncitizens with reinstated orders are generally ineligible for relief from removal, they may seek withholding of removal under Section 1231(b)(3)(A) or the Convention Against Torture on the ground that they will be subjected to persecution or torture in the country of removal. If the noncitizen expresses a fear of return, "DHS will refer him to an asylum officer for a reasonable fear determination." *Id.* at 531 (citing 8 C.F.R. §§ 208.31(b), 1208.31(b)). "If the asylum officer concludes that the alien has a reasonable fear, he will refer the matter to an immigration judge for initiation of withholding-only proceedings." *Id.* (citing 8 C.F.R. §§ 208.31(e), 1208.31(e). "If an alien is granted withholding-only relief, DHS may not remove the alien to the country designated in the removal order unless the order of withholding is terminated." *Id.*

Section 1231 governs the detention of noncitizens pending reinstatement and withholding-only proceedings. *Id.* at 533; *Padilla-Ramirez*

*v. Bible*, 882 F.3d 826, 832 (9th Cir. 2017) ("The removal order itself therefore is not at issue in the withholding-only proceedings, meaning that those proceedings cannot diminish or otherwise affect its finality. Because Padilla–Ramirez's reinstated removal order remains administratively final, he is detained pursuant to section 1231(a).").

Here, Petitioner's detention under Section 1231 pending reinstatement proceedings forecloses her due process and APA claims. Respondents detained Petitioner and reinstated her removal order on September 1, 2026. Dkt. 15-1 at 4; Dkt. 15-2. Petitioner is therefore subject to the 90-day removal period under 8 U.S.C. § 1231(a)(2)(A), during which time her detention is mandatory.

Petitioner claims that ICE "release[d] me" on January 29, 2025, and she thereafter lived "outside of immigration custody." Dkt. 9 at 6. But ICE deported Petitioner on January 29, 2025—that is not the type of "release" that courts have found creates a liberty interest protected by the Due Process Clause. *See, e.g.*, *Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-cv-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026) (finding that the respondents violated due process by re-detaining a noncitizen who had been previously released from immigration custody without notice, a hearing, or a material change in circumstances); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025) (same), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Petitioner also claims that ICE re-detained her for "no reason" in violation of substantive due process and the APA. Dkt. 9 at 6-7.

However, the undisputed record establishes that Petitioner was re-detained to reinstate her removal order under 8 U.S.C. § 1231(a)(5).

Accordingly, the Court concludes that Petitioner is not entitled to habeas relief on her due process or APA claims.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is not entitled to habeas relief and DENIES the Petition. A separate judgment shall issue.

Dated: October 28, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE